# EXHIBIT B

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION COUNTY SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO.: |

| | |
|---|---|
| NATIONAL POLICE ASSOCIATION, INC., | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| THE VILLAGE OF GERMANTOWN, a foreign | ) |
| municipal corporation; and PETER HOELL, | ) |
| individually and in his capacity as agent of THE | ) |
| VILLAGE OF GERMANTOWN | ) |
| Defendants. | ) |

# COMPLAINT &
# DEMAND FOR JURY TRIAL

COMES NOW, the National Police Association, Inc., herein ("Plaintiff"), by counsel, Derek R. Peterson, and respectfully submits Plaintiff's "Complaint & Demand for Jury Trial" ("Complaint"), to this Court and against the Village of Germantown and Peter Hoell, jointly and severally, and hereby alleges the following facts and claims:

## THE PARTIES

1. Plaintiff is an Indiana non-profit 501(c)(3) educational organization headquartered at 8710 Bash Street #501692, Indianapolis, Indiana 46250, which is located within Marion County, Indiana.

2. Defendant, the Village of Germantown, herein ("Defendant Germantown"), is a foreign municipal corporation, with a principal address of N112 W17001 Mequon Road Germantown, Wisconsin 53022, which is located within Washington County, Wisconsin.

3. Washington County, Wisconsin is adjacent to Milwaukee County, Wisconsin.

4. Both Washington County and Milwaukee County are a part of the Milwaukee Metropolitan area.

5.  Defendant, Peter Hoell, herein ("Defendant Hoell"), is a resident of Defendant Germantown, with a principal address of W157 N9790 Glenwood Rd, Germantown, WI, 53022-5139.

6.  Between January 1, 2018 through December 20, 2019, Defendant Hoell served as Chief of Police for Defendant Germantown.

FACTS GIVING RISE TO COMPLAINT

7.  At all times relevant, Plaintiff operated as a 501(c)(3) non-profit educational organization, whose mission was to educate supporters of law enforcement in how to help police departments across the country accomplish their goals of effective law enforcement, through clear communications designed to combat the influence of anti-police activists and promote policies which encourage public officials to work together with police in the public interest.

8.  At all times relevant, Plaintiff was registered with the Wisconsin Secretary of State, authorizing Plaintiff to engage in business and activities related to Plaintiff's 501(c)(3) status and mission statement.

9.  In the first three (3) months of 2018, Plaintiff via U.S. Mail sent "The National Sanctuary Area Crime Impact Survey," herein ("NPA Survey"), to various parts of the country that were relevant to the NPA Survey, including to residents located in Defendant Germantown.

10. In or about March 2019, Defendant Hoell participated in an interview with the Indy Star, wherein Defendant Hoell was quoted with having stated the following:

> Hoell told residents to disregard the letter. He also reported the National Police Association to the U.S. Postal Inspection Service over what he considered to be fraudulent mail.
> ***
> It's a scam," Hoel (*sic*) said. "It's no different than any other scam — just a different angle."

11. On March 17, 2019, Defendant Hoell's statements regarding Plaintiff were published to the public.

12. On or about March 17, 2019, Plaintiff's learned of Defendant Hoell's and/or Defendant Germantown's prior defamatory statements published on the social media platform – Facebook, herein ("May 31, 2018 Facebook Post"). A true and accurate copy of the May 31, 2018 Facebook Post is attached hereto and incorporated herein as Exhibit 1.

13. Upon information and belief, the May 31, 2018 Facebook Post was published to the public on or about May 31, 2018, where it has remained through the date of filing this Complaint.

14. On or about October 23, 2019, Defendant Hoell and/or Defendant Germantown published another Facebook Post, herein ("October 23, 2019 Facebook Post"). A true and accurate copy of the October 23, 2019 Facebook Post is attached hereto and incorporated herein as Exhibit 2.

15. Upon information and belief, the October 23, 2019 Facebook Post was published to the public on or about October 23, 2019, where it has remained through the date of filing this Complaint.

16. At all times relevant, Defendant Germantown, through other elected officers, boards and/or commissions, was responsible for the oversight and supervision of Defendant Hoell.

17. Each of the defamatory statements and matters published or spoken by Defendant Hoell were in regard to Plaintiff.

18. As a result of the actions undertaken by Defendant Germantown and Defendant Hoell, Plaintiff has suffered harm, injuries and damages.

19. The statements made by Defendant Hoell were false and/or misleading. More specifically, thrice labeling Plaintiff as a "scam;" twice claiming to have reported Plaintiff to the U.S. Postal Inspector for fraud; claiming that the NPA Survey "states that Germantown is a Federally Designated Sanctuary City;" claiming that the NPA Survey contains and/or is "false information;" claiming to have received a "call from a Police Association, possibly the [Plaintiff] to my home;" further publishing a defamatory article concerning Plaintiff; claiming that the "[NPA Survey] falsely warned that Germantown is a sanctuary city, not cooperating with federal immigration enforcement; and instructing third-parties to "disregard the letter" on account of false information were all false statements, claims and otherwise defamatory statements made against Plaintiff.

CLAIMS
*Defamation Per Se*

20. Paragraphs One (¶1) through Nineteen (¶19) are incorporated by reference herein and should be treated as if restated in their entirety.

21. Defendant Hoell's statements as contained in this Complaint and Exhibits 1 – 2 constitute defamation *per se* in that the defamatory statements impute criminal conduct on the part of Plaintiff and/or impute misconduct by Plaintiff in Plaintiff's trade, profession, office, or occupation.

22. Defendant Hoell's statements were made with either negligence and/or actual malice.

23. Defendant Hoell's statements were published to the public.

*Defamation Per Quod*

24. Paragraphs One (¶1) through Nineteen (¶19) are incorporated by reference herein and should be treated as if restated in their entirety.

25. Additionally, Paragraphs Twenty-One (¶21) through Twenty-Three (¶23) are incorporated by reference herein and should be treated as if restated in their entirety.

26. As a result of Defendant Hoell's conduct, Plaintiff has suffered damages from loss of donations and other business benefits, harm to the business reputation of Plaintiff and injuries to the character and business of Plaintiff.

### *42 U.S.C. § 1985*

27. Paragraphs One (¶1) through Nineteen (¶19) are incorporated by reference herein and should be treated as if restated in their entirety.

28. Defendant Hoell in concert, connection and/or under the supervision and tacit approval of Defendant Germantown, engaged in a conspiracy with Defendant Germantown for the purpose of depriving, either directly or indirectly, Plaintiff of the equal protection of the laws and/or of the equal privileges and immunities under the laws. Specifically, constitutional protections to be free from harmful and/or defamatory speech, while Plaintiff engages in its own constitutionally protected and statutorily authorized activities.

29. Defendant Hoell and Defendant Germantown acted in furtherance of this conspiracy when Defendant Hoell published the defamatory statements, while Defendant Germantown remained silent and/or approved of the defamatory statements once becoming aware of such defamatory statements being made by Defendant Hoell.

30. Defendant Hoell and Defendant Germantown have caused injury to Plaintiff, Plaintiff's property, and/or a deprivation of Plaintiff's right or privilege to engage in its constitutionally and statutorily protected activities.

*Demand for Jury Trial*

31. Plaintiff, pursuant to Ind. R. Tr. P., Rule 38, demands that this matter be tried by jury.

WHEREFORE, Plaintiff, the National Police Association, Inc., respectfully prays of this Court to issue the following relief:

1. Liability of Defendant Hoell and/or Defendant Germantown, jointly and/or severally;

2. Damages in the form of compensatory, presumed, actual, punitive, exemplary, treble and/or special in an amount to be determined by a jury, which will appropriately and fairly compensate Plaintiff for the damages, injuries and harms suffered as a result of Defendant Hoell's and Defendant Germantown's conduct;

3. An award of interests, costs, fees, including reasonable attorney fees, incurred as a result of Defendant Hoell's and Defendant Germantown's conduct;

4. An order enjoining Defendant Hoell and Defendant Germantown from making further false. defamatory and/or disparaging statements, from conspiring to cause additional harm and/or damage and/or engaging in any acts of retaliation against Plaintiffs; and

5. For all other just and proper relief under the premises.

Respectfully Submitted,

_____
Derek R. Peterson
Atty. No.: 31078-49
Derek R. Peterson – Attorney at Law
156 Stony Creek Overlook
Noblesville, Indiana 46060
T: 781.492.3701
E: DRPetersonlaw@gmail.com



Germantown Police Department Wisconsin
May 31, 2018

Scam Alert,

Some residents in Germantown are receiving letters with surveys claiming to be from the "National Police Association." The material states that Germantown is a Federally Designated Sanctuary City. This is false information. They are also asking for donations to the National Police Association to go along with the returned survey. The material is claiming to be from Topeka, Kansas and the return envelope is going to a PO Box in Stuarts Draft, Virginia.



 48

12 Comments 94 Shares

 Share

Most Relevant ▼

49D14-2009-PL-030208
Filed: 9/1/2020 2:54 PM
Clerk
Marion Superior Court, Civil Division 14
Marion County, Indiana

**Germantown Police Department Wisconsin**
October 23, 2019

A call from a Police Association, possibly the National to my home.

Yesterday, Tuesday, October 22, my wife took a call at our home from someone claiming to be with a Police Association, possibly National. The purpose of the call was to seek donations for "your local Police Department." They stated: "Give our law enforcement officers the crime prevention tools they need." My wife did not complete the call and hung up on them. What I can tell you is that the Germantown Police Department has never had a relationship with the National Police Association, nor have we received any financial support from them.

I have attached an article about this group from March of this year. Towards the end of the article I was quoted with the following: Fundraising letters in Germantown, Wi., falsely warned that Germantown is a sanctuary city, not cooperating with federal immigration enforcement. Germantown Police Chief Peter Hoell told residents to disregard the letter. He reported the association to the U.S. Postal Inspection Service over what he considered to be fraudulent mail. "It's a scam," Hoell said.

https://thecrimereport.org/.../chiefs-call-national-police-a.../



THECRIMEREPORT.ORG

**Chiefs Call National Police Association a Scam | The Crime Report**

The Indiana group raises money by warning of the "greatest threats to our public safety in the nation's history." The income does not go to police...

👍😢😮 40                    15 Comments  22 Shares